IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT WAYNE DEYARMETT**                                                      **PLAINTIFF**

v.                                                             **CAUSE NO. 1:17CV86-LG-RHW**

**ANTERO RESOURCES CORPORATION**                            **DEFENDANT**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS**

BEFORE THE COURT is the [4] Motion to Dismiss filed by Defendant Antero Resources Corporation pursuant to Federal Rule of Civil Procedure 12. Plaintiff Robert Wayne Deyarmett has not responded to the Motion, and the time for doing so has long expired. *See, e.g.*, *Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 413 (5th Cir. 2006) (while pro se parties "are entitled to some leniency, the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law") (citation and quotation marks omitted). The Court has reviewed the Motion, the Memorandum in Support, and the relevant law, and is of the opinion that the Motion should be granted for failure to join an indispensable party.

Plaintiff, a Mississippi citizen currently incarcerated with the Mississippi Department of Corrections ("MDOC"), instituted a state court action against Defendant Antero. Plaintiff claims Antero owes him and/or his family oil and gas royalties and/or other payments pursuant to a March 2006 Oil and Gas Lease ("the Lease") between Plaintiff and Antero. Antero did not receive notice of the state court action against it until Plaintiff filed an Amended Complaint therein and sent

Antero a copy. Thereafter, Antero, a Delaware corporation with its principal place of business in Colorado, timely removed the action to this Court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1446.[1] Following removal, Antero filed the pending Motion to Dismiss.

Antero argues that (1) the Court lacks subject matter jurisdiction; (2) Plaintiff has failed "to join an indispensable party whose joinder is not feasible[;]" (3) Plaintiff has failed "to state a claim against Antero upon which relief can be granted[;]" and (4) the action should otherwise be "dismissed for insufficient process and insufficient service of process . . . ." (Mot. To Dismiss 2, ECF No. 4). While the Court is of the opinion that it has subject matter jurisdiction, the Court will dismiss this action because Plaintiff has failed to join an indispensable party, as discussed below. Accordingly, the Court need not address Antero's other arguments for dismissal.

## I. SUBJECT MATTER JURISDICTION

The Court must address the challenge to its subject matter jurisdiction first. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "On issues involving jurisdiction, the district court may consider evidence outside the pleadings . . . ." *In re The Compl. of RLB Contracting, Inc.*, 773 F.3d 596, 601 (5th Cir. 2014).

---

[1] It is apparent from the state court pleadings that the amount in controversy exceeds $75,000. Plaintiff sought to join MDOC as a defendant to the state court action, although it does not appear that MDOC was ever made a party defendant. Regardless, the Court agrees with Antero that any joinder of MDOC is or would be improper.

Antero argues that subject matter jurisdiction lies exclusively in the United States Bankruptcy Court for the Southern District of Texas, in which the Chapter 11 bankruptcy of Vanguard Natural Resources, LLC (No. 17-30560) is pending. In support, Antero has submitted a 2012 Purchase and Sale Agreement ("PSA") between Antero and Vanguard Permian, LLC, a wholly-owned subsidiary of Vanguard Natural Resources, LLC (hereinafter "Vanguard"). Vanguard has identified the PSA – which lists Plaintiff's Lease as an Asset, (*see* PSA, ECF No. 4-3, at Ex. A p.36 (ECF p.105)) – as an executory contract in its bankruptcy. Antero states that Vanguard "assumed all obligations and liabilities arising from the Assets, including obligations to pay royalties and to perform all obligations previously imposed on Antero pursuant to the Oil and Gas Lease" that is the subject of this action. According to the PSA, Vanguard assumed all such obligations and liabilities, whether incurred before or after the PSA went into effect.

Thus, Antero contends that monies owed under the Lease, if any, are Vanguard's property subject to the exclusive jurisdiction of the bankruptcy court pursuant to 28 U.S.C. § 1334(e). That section provides in pertinent part that the bankruptcy court[2] "shall have exclusive jurisdiction . . . of all the property, wherever located, of the debtor as of the commencement of [the bankruptcy] and of property of the estate . . . ." Contrary to Antero's argument here, that section

---

[2] While the statute refers to the "district court," "28 U.S.C. § 157(a) then provides for the district court's referral of bankruptcy cases to the bankruptcy courts[,]" which the Southern District of Texas has done here. *See In re Brown*, 521 B.R. 205, 216 (Bankr. S.D. Tex. 2014).

3

> more properly denotes a grant by Congress of *in rem* jurisdiction over property of the debtor as of the commencement of the case and over property of the estate. Section 1334(e) must be harmonized with the provisions of § 1334(b) granting non-exclusive jurisdiction over matters 'arising under,' 'arising in,' and 'related to' bankruptcy and/or bankruptcies. An action, *in personam*, that seeks to establish personal liability of the debtor on a claim, but which is not specifically targeted to ownership of, or rights in and to, property of the estate does not fall within this subsection. The bankruptcy court, pursuant to § 1334(e), retains jurisdiction over the disposition of any property of the debtor or the estate necessary to satisfy any such claim or judgment. . . . Thus, an *in personam* suit against a debtor, which has as its ultimate end the satisfaction of a claim from property of the debtor or the estate, may proceed in a forum other than bankruptcy court, assuming that the automatic stay has been modified,[3] without offending the exclusivity provision of § 1334(e) because the ultimate end of the suit, *i.e.*, satisfaction of the judgment from property of the debtor or estate, cannot be had without dispensation from the bankruptcy court which exclusively controls the property of the debtors and its estate.

*Landry v. Exxon Pipeline Co.*, 260 B.R. 769, 781-82 (Bankr. M.D. La. 2001).

Here, then, even accepting *arguendo* Antero's argument that the property at issue is property of Vanguard's bankruptcy estate, the state court had initial subject matter jurisdiction over this *in personam* suit. As a result, this Court can now exercise subject matter jurisdiction over this action based on diversity.

## II. FAILURE TO JOIN INDISPENSABLE PARTY

Nevertheless, the Court is persuaded that Vanguard is an indispensable party to this action and that dismissal is appropriate on that ground. "Rule 12(b)(7) allows dismissal for 'failure to join a party under Rule 19.'" *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (citing Fed. R. Civ. P. 12(b)(7)).

---

[3] The automatic stay, 11 U.S.C. § 362(a), has not been modified here.

"Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *Id.*; *see also Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) ("The federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of."). "'In ruling on a dismissal for lack of joinder of an indispensable party, a court may go outside the pleadings and look to extrinsic evidence.'" *Timberlake v. Synthes Spine, Inc.*, No. V-08-4, 2011 WL 2607044, at *2 (S.D. Tex. June 30, 2011) (citation omitted); 35B C.J.S. *Federal Procedure* § 858.

"Determining whether to dismiss a case for failure to join an indispensable party requires a two-step inquiry." *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). "First the district court must determine whether the party should be added under the requirements of Rule 19(a)." *Id.* Under that Rule, a party should be added if

> (A) in that p[arty]'s absence the court cannot accord complete relief among existing parties; or
>
> (B) that p[arty] claims an interest relating to the subject of the action and is so situated that disposing of the action in the p[arty]'s absence may:
>
>> (i) as a practical matter impair or impede the p[arty]'s ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

Second, if joinder is called for, the Court must decide "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *Pulitzer-Polster*, 784 F.2d at 1309. In doing so, the Court considers:

> (1) the extent to which a judgment rendered in the p[arty]'s absence might prejudice that p[arty] or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the p[arty]'s absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*; *see also Pulitzer-Polster*, 784 F.2d at 1312. "In circumstances where the litigation should not proceed without [the absent party], the federal suit should be dismissed." *Pulitzer-Polster*, 784 F.2d at 1308-09. Deciding "whether an entity is an indispensable party is a highly-practical, fact-based endeavor . . . ." *See Hood v. City of Memphis*, 570 F.3d at 628.

Here, the Court's review of the evidence discussed in Section I. convinces it that Vanguard should be added. The Court's adjudication of this action would necessarily have to include a determination as to whether Vanguard or Antero is responsible for any royalty payments under the Lease pursuant to the terms of the

PSA – without Vanguard's presence to assert any applicable defenses or otherwise protect its interest in those contracts.  *See, e.g.*, *Innovate Display Techs. LLC v. Microsoft Corp.*, No. 2:13-CV-00783-JRG, 2014 WL 2757541, at *4 (E.D. Tex. June 17, 2014) ("Generally, 'where interpretation of a contract is involved, parties to the contract must be joined.'") (citation omitted); *Harris Trust & Sav. Bank v. Energy Asset Int'l Corp.*, 124 F.R.D. 115, 117 (E.D. La. 1989).  Plaintiff has not submitted anything to persuade this Court otherwise.  *See Hood v. City of Memphis*, 570 F.3d at 628 ("While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.") (citation and quotation marks omitted).  Additionally, there is a real risk of competing determinations by this Court and the bankruptcy court that could result in inconsistent obligations owed by Antero.

However, Vanguard cannot be added because its current status as a debtor in bankruptcy insulates it from service of process by virtue of the automatic stay set forth in 11 U.S.C. § 362(a).  *See, e.g.*, *Altava Health Mktg., Ltd. v. Shortgrass, Inc.*, No. H-04-873, 2005 WL 2277598, at *14 (S.D. Tex. Sept. 15, 2005); *F&M Distributors v. Am. Hardware Supply*, 129 F.R.D. 494, 498 (W.D. Pa. 1990).  Therefore, the Court must conduct a Rule 19(b) analysis to decide whether this action should proceed among Plaintiff and Antero or should be dismissed.

7

Having carefully examined the Rule 19(b) factors, the Court finds dismissal warranted. There can be little doubt that Vanguard would be prejudiced if the Court were to decide this action and determine that Vanguard – not Antero – is responsible for any royalty payments. Antero could also be prejudiced by inconsistent judgments in this Court and the bankruptcy court. The Court cannot conceive of an adequate solution, other than dismissal, to lessen or avoid such prejudice to these entities. Furthermore, if the Court decided that Vanguard was responsible, any judgment rendered in Vanguard's absence clearly would not be adequate. Finally, while the Court offers no opinion as to the ultimate viability of any claim against Vanguard, Plaintiff has other available avenues (such as filing an adversary proceeding or proof of claim or obtaining relief from stay) to attempt to obtain the relief he seeks.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this action is **DISMISSED WITHOUT PREJUDICE**. A separate judgment will be entered.

**SO ORDERED AND ADJUDGED** this the 19th day of May, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE